# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTGOMERY CARL AKERS, Inmate )
#02866-081, )
                                                )
        **Plaintiff,**            )
                                                )    Case No. 11-cv-0622-MJR
vs. )
                                                )
WENDY ROAL, et al., )
                                                )
        **Defendants.**      )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

        Plaintiff, an inmate in the Marion United States Penitentiary, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Upon careful review, the Court finds that the complaint may be procedurally dismissed at this point in the litigation.

        In section "II. PREVIOUS LAWSUITS," Plaintiff lists six cases where he has been a party to a lawsuit (Doc. 1, p. 4). However, review of documents filed in the electronic docket of the United States District Court for the District of Kansas, the United States District Court for the Southern District of California, and the United States District Court for the District of New Hampshire discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted: *Akers v. Vratil, et al*, Case No. 05-cv-03080-GTV (D. Kan., dismissed March 24, 2005); *Akers v. Martin, et al,* Case No. 06-cv-03175-SAC (D. Kan., dismissed July 12, 2006); *Akers v. Rokusek, et al*, Case No. 08-cv-00725-H-WMC (S.D. Cal., dismissed April 25, 2008); *Akers v. Keszei, et al*, Case No. 08-cv-00334-JL (d.

N.H., dismissed April 16, 2009); and *Akers v. Crow, et al*, Case No. 09-cv-03037-RDR (D. Kan., dismissed March 2, 2009). Not only did Plaintiff fail to disclose these five cases where he has received "strikes" for purposes of 28 U.S.C. § 1915(g), he also failed to disclose in his complaint the 34 previously filed actions in various District Courts across the country, including Colorado, Kansas, California, Nevada, Maine, Missouri, New Hampshire, Illinois and New York.

The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). In addition, "the Plaintiff's omissions [failure to disclose prior lawsuits in his new complaint] suggest possible fraud on the court, which generally must 'lead to immediate termination of the suit.'" *Muhammad v. Walker*, Case No. 05-cv-1580 (Doc. 6, entered March 29, 2005). *See also* FED. R. CIV. P. 11; *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (a litigant who has previously received three "strikes" and fails to disclose that fact in a later-filed lawsuit may have his action immediately terminated by the court as a sanction for this misconduct). Under this authority, the Court finds that the instant action is subject to immediate dismissal.

## DISPOSITION

**IT IS HEREBY ORDERED** that, because of Plaintiff's attempt to defraud the Court as to his litigation history, this action is **DISMISSED** without prejudice to Plaintiff's bringing these claims in a fully pre-paid complaint. Should Plaintiff attempt to re-file this action, or bring any other

action before this Court, he shall state his full name and inmate ID number in his complaint and all other pleadings. Failure to comply with this order, or any further attempt to mislead the Court regarding his litigation history, shall result in immediate dismissal of Plaintiff's case with prejudice. In addition, such behavior may subject Plaintiff to additional sanctions, including the imposition of a ban on filing any future actions. *See Hoskins*, 633 F.3d at 543 (7th Cir. 2011); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan*, 181 F.3d at 859.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

All pending motions are **DENIED** as moot. The Clerk shall **CLOSE THIS CASE**.

IT IS SO ORDERED.

DATED this 27th day of July, 2011

                                       s/MICHAEL J. REAGAN
                                       MICHAEL J. REAGAN
                                       United States District Judge